```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| BOBBY HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHARON L. HARRIS,<br><br>　　　　Defendant. | Civil No. 18-10463 (RMB/AMD)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

I.   **INTRODUCTION**

　　Pro se Plaintiff Bobby Harrison commenced this action alleging that pro se Defendant Sharon L. Harris fraudulently discharged a debt owed to him, related to the sale of real property in 2009, through a 2018 bankruptcy proceeding in the Northern District of Georgia. See In Re Sharon Lynn Harris, Case No. 17-42560 (Bankr. N.D. Ga.).  Now, this matter comes before the Court upon pro se Defendant's Motion to Dismiss [Dkt. No. 15] pro se Plaintiff's Amended Complaint [Dkt. No. 4].

　　On May 29, 2020, the Court ordered pro se Plaintiff to show cause why this case should not be dismissed based on his failure to timely commence an adversary proceeding during the bankruptcy process.  Finding that Plaintiff has not alleged any good cause reasoning for his failure to commence a timely adversary

proceeding and cannot state a claim for revocation of discharge, Plaintiff's Amended Complaint will be dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In his Amended Complaint, Plaintiff alleges that in June of 2009, Defendant approached him at his deli in Whitesboro, New Jersey and inquired about his interest in purchasing her neighboring property. After some negotiation, Plaintiff claims that he agreed to purchase Defendant's next-door property for a total of $145,000, to be paid through a $9,000 down-payment, followed by monthly payments of $2,000. Plaintiff states Defendant was supposed to transfer the title to the property over to Plaintiff upon his final monthly payment, which was scheduled to occur in July 2014.

Plaintiff claims that, although he abided by his obligations under the agreement with Defendant, she did not make good on her promise to transfer title to the property after receiving payment in full. Instead of transferring the title, Plaintiff contends that Defendant defaulted on her mortgage on the property, causing the property to be foreclosed upon by a bank. Furthermore, Plaintiff's children (who had moved into the property) were evicted by the bank through the foreclosure process.

On October 27, 2017, Defendant filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern

District of Georgia, Rome Division, seeking discharge of various debts, including a $145,000 debt owed to Plaintiff. In response, Plaintiff, who had apparently received notice that he had been listed as a creditor in Defendant's bankruptcy proceeding, submitted an objection to the bankruptcy court.

In a November 21, 2017 Order, the bankruptcy court noted that Plaintiff's attempted objection to the discharge of the Defendant's debt was procedurally improper and instructed Plaintiff that he was required to commence an adversary proceeding if he wished to object to the discharge of the debt. See Dkt. No. 15, at p. 2. In unequivocally clear terms, the Honorable Paul W. Bonapfel, U.S. Bankruptcy Judge, stated as follows:

> On November 13, 2017, the Court received a document from Bobby Harrison objecting to the dischargeability of a debt owed by the Debtor. An objection to the Debtor's discharge or to the dischargeability of a debt requires the commencement of an adversary proceeding. FED. R. BANKR. P. 7001(4) and (6). Accordingly, the Court takes no action on this document and the self-calendared hearing of December 7, 2017, is cancelled. The meeting of creditors scheduled for December 7, 2017, at 9:30 a.m., remains unchanged.

The meeting of the creditors was held on December 7, 2017, as scheduled, meaning that Plaintiff's initial deadline to commence an adversary proceeding was February 5, 2018 (sixty days after the meeting of the creditors). The bankruptcy court, however, issued an Order on February 8, 2018, extending the

3

deadline to file a motion objecting to discharge through April 5, 2018. Despite notice that he had been named as a creditor (and almost five months' worth of time since the bankruptcy court explicitly directed him to file an adversary proceeding), Plaintiff failed to commence a timely adversary proceeding. Defendant's debt was ultimately discharged on April 11, 2018. See Dkt. No. 15, at p.4.

Plaintiff commenced this suit on June 11, 2018, alleging that Defendant intentionally defrauded him by selling property, failing to transfer title, defaulting on the mortgage, and then discharging the debt through the bankruptcy proceeding. On May 29, 2020, in response to Defendant Sharon L. Harris' Motion to Dismiss [Dkt. No. 15], this Court ordered Plaintiff to show cause why this case should not be dismissed based on the basis of the bankruptcy court's order discharging Defendant's debt to Plaintiff. [Dkt. No. 16].

### III. LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, district courts may not "go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997). The district court may, however, rely upon "exhibits attached to the complaint and matters of public record." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016)(quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In considering a motion to dismiss a pro se complaint, a court must bear in mind that pro se complaints are held to less

5

stringent standards than formal pleadings drafted by lawyers. See Dickerson v. New Jersey Inst. of Tech., 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019)(citing Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of pro se complaints does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See, e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)("a pro se complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.' "); Badger v. City of Phila. Office of Prop. Assessment, 563 F. App'x 152, 154 (3d Cir. 2014)("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.").

**IV.  DISCUSSION**

As evidenced by the filings from Defendant's bankruptcy proceeding in the Northern District of Georgia,[1] Plaintiff was aware that he had been listed as a creditor in Defendant's

---

[1] The filings from Defendant's bankruptcy proceedings in the Northern District of Georgia are matters of public record and, therefore, may be considered on a motion to dismiss. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 280 (3d Cir. 2016)(holding that the judgment and pleadings in a prior case were matters of public record and properly considered on a motion to dismiss).

6

petition for bankruptcy under Chapter 7 and that Defendant was seeking to discharge a debt in relation to the sale of the Whitesboro property. Despite notice and opportunity to object, Plaintiff failed to properly contest the discharge of Defendant's debt through a timely adversary proceeding. Furthermore, although the debt has already been discharged by the bankruptcy court, Plaintiff's allegations do not state a claim for revocation of such discharge under 11 U.S.C. § 727.

First, Plaintiff ignored the bankruptcy court's instructions, in its November 21, 2017 Order, to commence an adversary proceeding to object the dischargeability of Defendant's debt. By disregarding this guidance, Plaintiff failed to adhere to Federal Rule of Bankruptcy Procedure 4007(c), which requires a creditor to file a object to the dischargeability of a debt, pursuant to 11 U.S.C. S 523, within sixty days after the initially scheduled meeting of creditors. Even after the bankruptcy court extended the deadline by two months, Plaintiff still did not commence an adversary proceeding. Neither Plaintiff's Amended Complaint nor his June 22, 2020 Response to this Court's Order to Show Cause ("Plaintiff's OSC Response")[Dkt. No. 17] allege any good cause reason for Plaintiff's failure to commence a timely adversary proceeding.

Second, neither Plaintiff's Amended Complaint nor his OSC Response state a valid claim for revocation of Defendant's

7

discharge pursuant to § 727(d). As noted by Plaintiff, a creditor may request the revocation of a discharge that "was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." § 727(d)(1). In this case, however, Plaintiff has not alleged that he learned of any additional information regarding fraud of the debtor between the date of discharge (April 11, 2018) and the date he commenced this action (June 11, 2018).[2] Because Plaintiff has not alleged (and cannot allege) that he only became aware of "fraud" after the date of discharge, Plaintiff fails to state a claim for revocation.

Although Plaintiff is understandably frustrated by Defendant's failure to make good on her promise to transfer title to the Whitesboro property, Plaintiff had an opportunity to challenge the discharge of that debt through an adversary proceeding. Despite explicit guidance and instruction from the bankruptcy court regarding the proper mechanism for objecting to the dischargeability of Defendant's debt, Plaintiff missed his window to be heard because he ignored court rules and deadlines. Even when construed liberally, it is clear that Plaintiff cannot state a claim or cure the deficiencies in his complaint; he is

---

[2] Plaintiff has not alleged that he was unaware of any of the alleged "fraud" until after the date of discharge. On the contrary, it appears that all of the alleged fraud occurred throughout the course of his transaction with Defendant or at the time Defendant filed the voluntary petition for bankruptcy.

8

quite simply too late.  Therefore, Plaintiff's Amended Complaint will be **DIMSISSED WITH PREJUDICE**.  An appropriate Order shall issue on this date.

DATED: September 10, 2020

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE